IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTEVILLE DIVISION

**DIANNA BREZNICK-AMES, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                  No. 3:22-cv-12-NKM-JCH

**IL CASTELLO, INC.,**                                       **DEFENDANTS**
**and GABRIELLA CANDELLA**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Dianna Breznick-Ames ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Il Castello, Inc. ("Il Castello") and Gabriella Candella (together with Il Castello, "Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to: (1) certify the Parties' stipulated collective; (2) approve the terms of the Settlement Agreement and Release ("Agreement") that the Parties agreed to following negotiation, including the proposed Settlement Notice, Claim Form and proposed method of distribution; (3) dismiss this case with prejudice; and (4) retain jurisdiction to enforce the terms of the Parties' settlement. In support of this motion, the Parties state as follows:

### LEGAL STANDARD

In the Fourth Circuit, the compromise of an FLSA claim generally must either be supervised by the Secretary of Labor or approved by the district court. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007). To approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Blasic v. Md. State Dental Ass'n*, Civil Action No. DKC 19-1291, 2020

Page 1 of 8
**Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.**
**U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH**
**Joint Motion for Approval of Settlement**

U.S. Dist. LEXIS 59382, at *3 (D. Md. Apr. 3, 2020) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores*.

## STATEMENT OF THE CASE AND SUMMARY OF SETTLEMENT

Named Plaintiff was employed as a delivery driver for Il Castello beginning in November of 2020. Ten other individuals worked as delivery drivers for Il Castello during the relevant period. Named Plaintiff filed suit on March 29, 2022, alleging that Defendants failed to pay its delivery drivers the legal minimum hourly wage for all hours worked and overtime compensation for all hours worked in excess of forty per workweek in violation of the Fair Labor Standards Act ("FLSA") and the Virginia Minimum Wage Act ("VMWA"). ECF No. 1. Specifically, Named Plaintiff alleged that Defendants' expense reimbursement policies resulted in drivers receiving less than the IRS standard business mileage rate, and that the difference caused the drivers to be paid less than the applicable minimum wage. *Id.* Although Defendants deny Named Plaintiff's allegations, deny that the IRS rate is the appropriate standard for vehicle reimbursement, and asserts that its reimbursement policies did not result in the violation of any law, they recognize that this is an unsettled area of the law and litigation would be expensive and time consuming.

Recognizing the risks and costs inherent in further litigation, counsel for the Parties engaged in arm's-length settlement discussions, ultimately reaching the current settlement. The Parties agree that the settlement terms they reached represent a fair and equitable resolution of their bona fide dispute and have executed the Agreement attached

Page 2 of 8
Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.
U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH
Joint Motion for Approval of Settlement

hereto as Exhibit 1.

The Agreement's terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement makes sense for all concerned. The Parties therefore urge this Court to approve their settlement.

For settlement purposes only, the Parties stipulate to final certification of the following Collective under 29 U.S.C. § 216(b):

**All persons who worked as delivery drivers for Il Castello, Inc. at Il Castello Italian Restaurant & Pizza between March 16, 2020, and December 19, 2021.**

The Putative Collective Members all performed the same job during the relevant time period when making deliveries on behalf of Defendants and were subject to Defendants' pay and expense reimbursement policies. Collective resolution of this matter is procedurally efficient, and as detailed below, substantively fair. In order to effectuate the contemplated settlement, the Parties also seek approval of the proposed Settlement Notice ("Notice") and Claim Form, attached hereto as Exhibits 2 and 3, as well as the proposed method of distribution. The Notice explains the procedures for joining the settlement and what effect joining the settlement will have on the Putative Collective Members' legal rights. Because only those Putative Collective Members who submit a claim form will be affected by the settlement, there is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Allowing Putative Collective Members to submit objections is not necessary. The Notice accurately informs the

Page 3 of 8
Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.
U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH
Joint Motion for Approval of Settlement

Putative Collective Members of the nature of the case, the method of calculating the proposed relief, and provides clear instructions to acknowledge acceptance of the settlement if they choose to do so. The Parties request that the Court approve the proposed form of sending notice of the settlement.

The Sanford Law Firm ("Collective Counsel") will distribute to the Putative Collective Members the Court-approved Notice and Claim Form via first-class mail along with a prepaid return envelope. The Putative Collective Members will have 60 days from the date of mailing to submit their completed Claim Forms. Putative Collective Members who timely submit their completed Claim Forms will become Authorized Claimants; Named Plaintiff and the Authorized Claimants are hereinafter collectively referred to as the "Plaintiffs." Upon receiving returned Claim Forms, Collective Counsel will file them on the public docket, redacting identifying information other than name and date of signature. The Parties request that the Court approve the proposed manner of sending notice of the settlement.

As part of settlement discussions, Defendants provided data reflecting payments and reimbursement paid to Putative Collective Members, as well an estimate of miles driven as there were no direct records of miles driven. Defendants estimated the number of miles generously, as they took into account the number of miles between *each* individual recorded delivery destination and Defendants' restaurant. In reality, many delivery orders were consolidated during routes to reduce the total amount of miles driven.

Each Authorized Claimant will receive a part of the Settlement Fund in proportion to the number of payroll hours they worked relative to the aggregate hours worked by the

Page 4 of 8
Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.
U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH
Joint Motion for Approval of Settlement

Putative Collective Members during the applicable time period at Il Castello. Based on that allocation, individual Putative Collective Members are eligible to receive payments ranging from $19.34, at the lowest, to $2,658.74, at the highest, with average and median payments of around $727.27 and $301.06, respectively. In exchange for returning a Claim Form and being paid their allocated settlement amount, each individual agrees to a release of FLSA claims as well as any similar federal, state, municipal, or local laws. If an individual elects not to participate, their share of the settlement proceeds remains with Defendants with no impact on the settlement amount of any other Settlement Collective Member, and they do not release any claims against Defendants.

As reflected in the Parties' Agreement, the settlement amounts to be paid to Named Plaintiff include her allocated damages share as well as separate consideration as a service award. The service award to Named Plaintiff is appropriate. Named Plaintiff initiated this action and is being compensated for her efforts in helping identify the settlement collective and for undergoing the risks of pursuing the case on a collective basis instead of an individual one. Such service awards are frequently approved in collective actions. *See Irvine v. Destination Wild Dunes Mgmt.*, 204 F. Supp. 3d 846, 850 (D.S.C. 2016); *Compton v. N. Cent. Va. Rests., Inc.*, Civil Action No. 5:20-cv-00073, 2022 U.S. Dist. LEXIS 159070, at *16 (W.D. Va. Sep. 2, 2022) (approving a $5,000.00 service award for the named Plaintiff).

Under these circumstances, the settlement is a fair and reasonable resolution of a bona fide dispute, and the Court should approve it.

## ATTORNEYS' FEES AND COSTS

The FLSA mandates that a court award reasonable attorneys' fees and costs to a

Page 5 of 8
Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.
U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH
Joint Motion for Approval of Settlement

prevailing plaintiff. 29 U.S.C. §216(b)). "[T]he attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass' n, Local 307 v. G & M Roofing & Sheet Metal Co. Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

Collective Counsel seek, and Defendants do not oppose, an award of attorneys' fees and costs as set forth in the Settlement Agreement. This sum was negotiated separately from and did not taint the settlement fund negotiated for Plaintiffs.

To date, counsel for Named Plaintiff has billed over $9,500.00 in fees and incurred $1,041.25 in expenses. Collective Counsel anticipates incurring at least an additional $1,000.00 in billed fees and expenses in the Notice and Claim Form process. As set forth in the Agreement, Plaintiff asserts that this is a fair and reasonable amount for the efforts of Collective Counsel in this action.

WHEREFORE, in light of the contested issues and the potentially protracted and expensive litigation that lies ahead, the Parties submit that the terms of their FLSA settlement represents a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) certifying the stipulated collective; (2) approving the terms of the settlement of Plaintiffs' FLSA claims, including the proposed Notice, Claim Form, and method of distribution; (3) dismissing this action with prejudice; (4) retaining jurisdiction to enforce the terms of the settlement; and granting such further relief as the Court deems just.

Page 6 of 8
Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.
U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH
Joint Motion for Approval of Settlement

Respectfully submitted,

**DIANNA BREZNICK-AMES,
Individually and on Behalf of
All Others Similarly Situated,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Krista Sheets*
Krista Sheets
Va. Bar No. 97730
krista@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*Admitted Pro Hac Vice*

HALPERIN LAW CENTER
4435 Waterfront Drive, Suite 100
Glen Allen, Virginia 23060
Telephone: (804) 527-0100
Facsimile: (804) 597-0209

*/s/ Helen T. Vu*
Helen T. Vu
VSB No. 95051
helen@hlc.law

and  **IL CASTELLO, INC., and GABRIELLA
CANDELLA, DEFENDANTS**

FISHER & PHILLIPS LLP
8200 Greensboro Drive, Ste. 900
McLean, Virginia 22102
Telephone: (704) 334-4565
Facsimile: (704) 334-9774

**Page 7 of 8
Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.
U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH
Joint Motion for Approval of Settlement**

/s/ R. Bryan Holbrook
R. Bryan Holbrook
VSB No. 86817
bholbrook@fisherphillips.com

FISHER & PHILLIPS LLP
7501 Wisconsin Ave., Suite 1220W
Bethesda, Maryland 20814
Telephone: (301) 880-5022
Facsimile: (301) 880-5031

Maxim V. Doroshenko
mdoroshenko@fisherphillips.com
*Admitted Pro Hac Vice*

**Page 8 of 8**
**Dianna Breznick-Ames, et al. v. Il Castello, Inc., et al.**
**U.S.D.C. (W.D. Va.) No. 3:22-cv-12-NKM-JCH**
**Joint Motion for Approval of Settlement**