CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

1/11/2023

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| DIANNA BREZNICK-AMES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | CIVIL NO. 3:22-cv-12 |
| *Plaintiff,*<br>v. | ORDER |
| IL CASTELLO, INC. AND GABRIELLA CANDELLA, | JUDGE NORMAN K. MOON |
| *Defendants.* | |

This matter is before the Court on the parties' joint motion for approval of settlement, Dkt. 33. For the following reasons, that motion is hereby DENIED, without prejudice.

Plaintiff's claims in this case arise under the Fair Labor Standards Act ("FLSA"). Before approving a settlement in a FLSA case, the court must review and approve the settlement for its fairness to the settling employees. *See, e.g., Boone v. City of Suffolk, Va.*, 79 F.Supp.2d 603, 605 (E.D.Va. 1999); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). This standard is similar to the standard used to evaluate class-action settlements pursuant to Federal Rule of Civil Procedure 23, which requires a settlement to be "fair, reasonable, and adequate."

To determine whether the settlement is "fair, adequate, and reasonable," the Court considers whether it was negotiated at arm's length and should balance the likely outcome at trial and the expense and duration of further litigation against the amount offered in settlement. *See Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 617, 625 (N.D. Cal. 1979); *see also Flinn v. FMC*

*Corp.*, 528 F.2d 1169, 1172-74 (4th Cir. 1975). "[A]n FLSA settlement generally should be

approved if it reflects 'a fair and reasonable resolution of a bona fide dispute over FLSA

provisions.'" *Blasic v. Md. State Dental Ass'n*, No. DKC 19-1291, 2020 WL 1663128, at *1

(Apr. 3, 2020) (quoting *Lynn's Food*, 679, F.2d at 1355). First, the Court must determine if there

are FLSA issues "actually in dispute." *Id.* (quoting *Lane v. Ko-Me, LLC*, No. DKC-10-2261,

2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d

1227, 1241–42 (M.D. Fla. 2010)). Then, to assess the proposed settlement agreement for fairness

and reasonableness, the Court weighs factors including: "'(1) the extent of discovery that has

taken place; (2) the stage of the proceedings, including the complexity, expense and likely

duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the

experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and

(6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation

to the potential recovery.'" *Id.* (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-

1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citing also *Poulin v. Gen. Dynamics

Shared Res., Inc.*, No. 09-cv-00058, 2010 WL 1813297, at *1 n.1 (W.D. Va. May 5, 2010)).

The Settlement Notice indicates that there are FLSA issues actually in dispute. It explains

that "Defendants have denied (and continue to deny) each and every allegation by Plaintiff and

contends that Plaintiff and the members of the Settlement Collective were provided all

compensation as required by law." Dkt. 33 (Ex. 2) at 1. Plaintiffs allege that Defendants violated

the FLSA "by under-reimbursing individuals who worked as delivery drivers ('drivers') for their

expenses incurred in driving their personal vehicles while delivering food and drink items on

behalf of Defendants, which caused their net wages to fall below the minimum wage." *Id.*[1]

---

[1] The Settlement Agreement states: "Plaintiff alleged that she and other similarly situated pizza delivery drivers were not properly reimbursed for mileage expenses related to the business use of their personal vehicles."

However, the Parties have been "deficient in setting forth facts or arguments upon which the Court could evaluate the Settlement Agreement for fairness." *Poulin*, 2010 WL 1813497, at *1. The Settlement Notice states that "[t]he attorneys for the Parties hereto have conducted substantial investigation in connection with this Lawsuit and have researched the legal and factual issues relating to the claims and defenses that are contained in the Lawsuit." Dkt. 33 (Ex. 2) at 1. Further, it explains "[t]he Parties reached an agreement after several rounds of settlement negotiations and mediation before a wage and hour class and collective action mediator." *Id.* at 2.[2] Before mediation, the Parties engaged in an informal discovery process, which included "exchanging production of data, including detailed collective damage calculations and settlement demands." Dkt. 33 (Ex. 1) ¶ 22. While these facts indicate fairness and reasonableness, the Court lacks knowledge about factors including the complexity, expense, and likely duration of the litigation; counsel's experience; counsel's opinions; the probability of plaintiffs' success on the merits and the amount of the settlement in relation to potential recovery.

Based on this evidence, the Court concludes that it lacks sufficient evidence to determine if the proposed Settlement Agreement is fair to the parties, adequate to compensate the Plaintiffs for their claims, and a reasonable agreement.

Further, the Settlement Agreement has a confidentiality provision. It states that "[t]he Parties agree that counsel will submit the Agreement for *in camera* review or under seal, unless the Court requires the Parties to file the Agreement publicly, in which case the maximum confidentiality shall be afforded to the Agreement and settlement terms." Dkt. 33 (Ex. 1) ¶ 35.

---

Dkt. 33 (Ex. 1) ¶ 21; *see also id.* ¶ 46 (discussing Defendants denial of liability).

[2] The Settlement Agreement states: "On October 17, 2022, the Parties' counsel held separate pre-mediation teleconferences with mediator Hon. F. Bradford Stillman (Ret.), a retired United States Magistrate Judge for the Eastern District of Virginia and experienced wage and hour class and collective action mediator, and were encouraged by Judge Stillman to engage in good faith settlement discussions before the next day's mediation to try to reach a resolution given the nature and stakes of the claims at issue." Dkt. 33 (Ex. 1) ¶ 23.

"A confidentiality provision in an FLSA settlement agreement both contravenes the legislative

purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify

employees of their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla.

2010); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945) ("The statute was

a recognition of the fact that due to the unequal bargaining power as between employer and

employee, certain segments of the population required federal compulsory legislation to prevent

private contracts on their part which endangered the national health and efficiency and as a result

the free movement of goods in interstate commerce."). And because of the public filing of the

Settlement Agreement, "the confidentiality provisions are likely unenforceable." *Poulin*, 2010

WL 1813497, at *2 (citing *Head v. V & L Servs. III, Inc.*, No. 6:08-cv-918, 2009 WL 3582133,

at *3 (M.D. Fla. Oct. 27, 2009)).

The Court must also review the proposed attorney's fees for reasonableness, using "the

principles of the traditional lodestar method as a guide." *Almodova v. City and County of

Honolulu*, No. 07-00378, 2010 WL 1372298, at *7 (D. Haw. Mar. 31, 2010); *see also, e.g., Soto

v. Cemex, Inc.*, 6:08-cv-669, 2010 WL 1742095, at *3 (M.D. Fla. Apr. 1, 2010); *Comstock v.

Florida Metal Recycling, LLC*, No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5,

2009). The lodestar method dictates that a court determines a reasonable fee through multiplying

"the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). And "there is a 'strong presumption' that the

lodestar figure is reasonable, but that presumption may not be overcome in those rare

circumstances in which the lodestar does not adequately take into account a factor that may

properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559

U.S. 542, 554 (2010). The Joint Motion for Approval of Settlement states: "To date, counsel for

Named Plaintiff has billed over $9,500.00 in fees and incurred $1,041.25 in expenses. Collective

Counsel anticipates incurring at least an additional $1,000.00 in billed fees and expenses in the

Notice and Claim Form process. As set forth in the Agreement, Plaintiff asserts that this is a fair

and reasonable amount for the efforts of Collective Counsel in this action." Dkt. 33 at 6. The

Court lacks information regarding the hours spent and a reasonable hourly rate for this litigation,

which is needed to justify the reasonableness of the requested attorney's fees.

Accordingly, the motion to approve the Settlement Agreement is hereby DENIED

without prejudice. The parties are DIRECTED to contact the Clerk of Court to schedule a

hearing on this matter.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all

counsel of record.

ENTERED:   This **11th** Day of January, 2023.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE